## GEORGE GLASCOCK vs. THE STATE.

Rondo held to be a game of chance.

APPEAL from St. Louis Criminal Court.

McBride, J., *delivered the opinion of the Court.*

George Glascock was indicted in the Criminal Court of St. Louis county, at the July term, 1844, for setting up and keeping a gambling

device, commonly called Rondo. A trial was had at the subsequent term, and the defendant was found guilty and a fine assessed against him. The defendant moved for a new trial and in arrest, which having been overruled, he excepted and brings the case here by appeal.

The bill of exceptions, after detailing the evidence given upon the trial, goes on to state that "the Circuit Attorney, in his concluding argument having stated to the jury that the object of the Legislature in passing the act under which the defendant was indicted, was to prevent the practice of money making games, and that the game of Rondo was a money making game." The defendant, by his attorney, moved the following instruction: That the question before the jury was not whether the game of Rondo was a money making game, but whether it was a game of chance. But the court overruled the instruction, and refused to grant it because there was no evidence to justify it, and because it was an instruction founded upon the argument of the State's Attorney; to which opinion of the court, in refusing the instruction aforesaid, the defendant, by his counsel, excepted.

The court afterwards, at the instance of the defendant, gave the jury the following instructions: "If the jury shall find from the evidence that chance enters into the game of *Roundeau,* but that there is more skill than chance in it, so as to characterize it a game of skill, they ought to find the defendant not guilty.

If they have reasonable doubt whether Rondo is a game of chance or a game of skill, they ought to find the defendant not guilty."

The court also instructed the jury, of its own accord, as follows: "To convict the defendant, you must be satisfied from the evidence that the defendant did set up the device in question; but if you shall believe from the evidence that the defendant was the keeper of the device in question, or had control or management of it, this will be sufficient evidence of the setting up of said device. And also to convict the defendant, you must be satisfied from the evidence that the device is such as was devised, adapted and designed to play a game of chance, and that the game of Rondo is a game of chance."

From a review of the instructions given by the court to the jury, at the instance of the defendant's counsel, as also those given by the court of its own accord, and which were not objected to by the defendant, it appears that the law of the case was given to the jury, at least as favorably to the defendant as he was entitled to have it expounded. The objection appears to be that the court would not by its instruction counter-

act the possible undue influence made on the minds of the jury by the arguments of the prosecuting attorney.    In this objection, we think there is no weight.    The refusal of the court to give the instruction, might perhaps have had some influence with the jury, by producing the impression that the court sanctioned the interpretation of the statute, given to it by the Circuit Attorney, if the conrt had not subsequently given instructions manifesting clearly the opinion of the court on the proper construction of the law.

The question of fact whether the game of Rondo is a game of skill or a game of chance, was left to the jury, who, from the evidence before them, found their verdict.    From an examination of that evidence, we find nothing upon which to hang a doubt of the correctness of the finding of the jury.

Wherefore, we are of opinion that the judgment of the Criminal Court ought to be affirmed.    The cause is remanded to that court, with directions that the court proceed to enforce its judgment.